IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **HERMAN WEBB, SR.** | : | |
| Plaintiff | : | |
| vs. | : | CIVIL NO. 1:13-CV-0137-WLS-TQL |
| **JUDGE BILL REINHART,** | : | |
| Defendant | : | |

# ORDER

Plaintiff Herman Webb, Sr., a state prisoner currently confined at Johnson State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. 28 U.S.C. § 1915A(a). The Court has now conducted this review and finds that Plaintiff's Complaint (Doc. 1) seeks to recover money damages from a defendant who is immune from such relief and otherwise fails to state a claim upon which relief may be granted.  The Complaint is accordingly **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b).

## STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the

court. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

A § 1983 claim requires that a prisoner allege facts suggesting that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy

these requirements, or fails to provide factual allegations in support of his claim or claims, his complaint shall be dismissed. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of Plaintiff's state criminal prosecution. In his Complaint, Plaintiff alleges that Judge Bill Reinhart, a superior court judge in Turner County, Georgia, somehow violated his constitutional rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Though Plaintiff does not specify *how* his rights were allegedly violated by Judge Reinhart, Plaintiff apparently filed an "[a]ffidavit of facts letter of inquiry" in the state court (possibly in his criminal case) to which Judge Reinhart "failed or refused to respond." (Complaint at 5). Plaintiff thus believes that Judge Reinhart is "defaulting judgment" and that he is entitled to an "immediate release from prison" and an award of money damages in the amount of $500,000,000.00.

Even if true, the allegations in Plaintiff's Complaint do not state a cognizable claim for relief under §1983. As a state judge, Judge Reinhart is absolutely immune in a § 1983 suit for damages for judicial acts done within the jurisdiction of the court. Section 1983 was not intended to abolish the doctrine of judicial immunity except in certain circumstances not applicable here. Forrester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18

3

L.Ed.2d 288 (1967); Wahl v. McIver, 773 F.2d 1169 (11 Cir.1985). Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff, even if the acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous or corrupt, or done pursuant to bribe or conspiracy. Id.; Cleavinger v. Saxner, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985); Dykes v. Hosemann, 776 F.2d 942, 946-47 (11th Cir. 1985). A judge acts "in clear absence of all jurisdiction" only when "the matter upon which the judge act[s] is clearly outside the subject matter jurisdiction of the court over which he presides." Bonner v. Duncan, , 2013 WL 3353988, at * 2 (N.D. Fla. July 3, 2013) (citing Dykes, 776 F.2d at 947).

In this case, Plaintiff is essentially seeking relief from his criminal conviction (i.e., "immediate release from prison in case #2006-CR-0116") by vaguely alleging that the judge in his criminal case violated his constitutional rights. The Complaint states that Plaintiff's "claim can be evidenced [by] the proceedings which took place" in the state court. Plaintiff's claims are thus related to the actions of Judge Reinhart acting within his capacity as a superior court judge. See id. The allegations in the Complaint do not suggest that Judge Reinhart acted "in clear absence of all jurisdiction." Plaintiff's conclusory statement that the proceedings "took place without proof of . . . subject matter [jurisdiction]" is not sufficient to state a claim. See Waterfield v. Law, -- F. App'x --, 2013 WL 5764661, at *2 (11th Cir. 2013) ("conclusory allegations did not establish that [judge] acted in 'clear absence of jurisdiction'") (citing Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir.1988) ("The applicability of judicial immunity does not depend on the determination of nice questions of jurisdiction."). Indeed, it is unclear how a superior court judge would lack

subject matter jurisdiction over Plaintiff's state criminal prosecution. See O.C.G.A. § 15–6–8.[1] Absolute judicial immunity is thus an "obvious bar" to Plaintiff's claim for damages, and the claim may be dismissed. Sibley v. Lando, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005).

Plaintiff has likewise failed to state a claim for injunctive relief. "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Moreover, Plaintiff's requested relief – release from jail – is not a remedy available under § 1983. See Preiser v. Rodriquez, 411 U.S. 475 (1973). Such relief may be obtained only by challenging the conviction through direct appeal or petition for writ habeas corpus. See Bradley v. Pryor, 305 F.3d 1287, 1289 (11th Cir. 2002) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). Thus, if Plaintiff wishes to pursue this type relief, he must attempt to invalidate his conviction or sentence in a habeas action. See id.

For these reasons, Plaintiff's Complaint is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A(b).

**SO ORDERED** this   29th   day of October, 2013

/s/ W. Louis Sands
W. Louis Sands, Judge
UNITED STATES DISTRICT COURT

jlr

---

[1] Georgia Superior Courts have the authority to "exercise original, exclusive, or concurrent jurisdiction, as the case may be, of all causes, both civil and criminal, granted to them by the Constitution and the laws." O.C.G.A. § 15-6-8.